IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LORRAINE JOHNSON                    :

vs.                                 :        H-98-3887

W.R. GRACE & CO. - CONN.            :

## ORDER

On September 22, 1999, summary judgment was entered in favor of defendant and against plaintiff. Defendant filed a timely Motion for Award of Costs in the amount of $568.90. Plaintiff has not opposed the motion. The undersigned has reviewed the outstanding pleadings relating to taxation of costs and finds no hearing necessary pursuant to Local Rule 105.6. (D.Md.).

## FEES OF COURT REPORTERS FOR DEPOSITIONS

Defendant request reimbursement of $446.50 associated with costs incurred for the depositions of plaintiff and David Gay. The Clerk may tax the costs of depositions under F.R.Civ.P. 54(d) where they are necessary for the case. *See Crawford v. Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "(W)e should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that they were not introduced or otherwise used at the trial. *Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D.Md. 1968). While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that

were actually used in connection with the event that terminated the litigation; and (3) the costs of those depositions of trial witnesses. In light of the foregoing, the undersigned shall allow the taxation of fees associated with plaintiff's deposition fees in the amount of $204.00.[1] Defendant's successful dispositive motion also reflects utilization of the deposition taken of David Gay. Consequently, costs associated with the deposition of this individual will be allowed in the amount of $169.00. Given this determination, deposition costs shall be awarded in the amount of $373.00.

**FEES FOR EXEMPLIFICATION OF PAPERS**

Defendant requests reimbursement for copying costs in the amount of $122.40 associated with copy work obtained for use in defense of this action. Copy work has historically been viewed as general office overhead and has not been allowed by the Clerk as a reimbursable cost. *Advance Business Systems & Supply Co.*, 287 F. Supp. at 165. However, two opinions of Judges of this Court have caused the Clerk to reconsider this position. In the case of *Stratton v. Equitable Bank*, Civil Action No. HAR-88-1485, the Court found that "(P)photocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *Cf. Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). *See also Purity Products, Inc. v. Tropicana Products, Inc.*, Civil Action No. H-86-2319. Because the requested photocopying charges fall within an allowable cost award, this cost request shall be granted.

---

[1] Costs associated with the reading, signing, postage, and Federal Express mailing of depositions or with duplicate versions of the transcript, whether they are a condensed or diskette version, are not allowed.

**AWARD**

In light of the foregoing, costs are entered in favor of defendant and against plaintiff in the amount of $495.40. The Clerk of Court shall docket and mail copies of this Order to all counsel in this case.

Dated this 3rd day of November, 1999.

Felicia Cannon
Clerk, United States District Court,
District of Maryland